IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WINNEBAGO TRIBE OF NEBRASKA, a federally recognized Indian Tribe; OMAHA TRIBE OF NEBRASKA, a federally recognized Indian Tribe; VICTORIA KITCHEYAN; CHEYENNE ROBINSON; BRIAN CHAMBERLAIN; RONA STEALER; JAMES LOUIS LaROSE; ARIC ARMELL; ESTHER MERCER; LYNELLE BLACKHAWK; and GREGORY PHILLIPS, | Case No. 8:23-cv-00020 |
| Plaintiffs, | |
| vs. | **ANSWER** |
| THURSTON COUNTY, NEBRASKA; THURSTON COUNTY BOARD OF SUPERVISORS; GLEN MEYER, in his official capacity as Chairman; MARK ENGLISH, in his official capacity as Vice Chairman; GEORGIA MAYBERRY, in her official capacity as Supervisor; JAMES PRICE, SR., in his official capacity as Supervisor; DAVIN FRENCH, in his official capacity as Supervisor; ARNIE HARLAN, in his official capacity as Supervisor; JIM MUELLER, in his official capacity as Supervisor; and PATTY BESSMER, in her official capacity as County Clerk, | |
| Defendants. | |

**PRELIMINARY STATEMENT**

Time is of the essence. Under Nebraska law, Thurston County's supervisor districts must be set at least five months before the next election. Neb. Rev. Stat. § 32-552(a). Thus, Defendants are not filing a Motion to Dismiss or to Strike, in the alternative, to address the defects in Plaintiffs' Complaint – namely the "Thurston County Board of Supervisors," the Supervisors who are sued

1

in their "official capacities," and the Thurston County Clerk who is sued in her "official capacity" are not "persons" who can be sued under section 1983.

Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). Each county in Nebraska is "a body politic and corporate" which "may sue and be sued," Neb. Rev. Stat. § 23-101, but the same is not true of county offices or departments. See *Buzek v. Pawnee Cnty.*, No. 4:05CV3214, 2006 WL 2270344, at *8 (D. Neb. Aug. 8, 2006) ("[T]he county board does not have a separate legal existence and is not capable itself of suing or being sued."); *LeFever v. Dawson Cnty. Sheriff's Dep't*, No. 4:20CV3066, 2020 WL 4436391, at *4 (D. Neb. Aug. 3, 2020) ("[S]heriff's departments are not suable entities."); *Robinson v. Nebraska,* No. 8:22CV151, 2022 WL 4096900, at *3 (D. Neb. Sept. 7, 2022) ("[A] correctional institution or its departments are not entities subject to suit under section 1983.").

Instead, "[a] suit against a government officer in [their] official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). See also, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").

Thus, the claims made against the "Thurston County Board of Supervisors," and the Supervisors and County Clerk who are sued in their "official capacities," are claims against Thurston County. And because Thurston County, Nebraska, has been named as a Defendant, all

2

official-capacity claims against these other Defendants should be dismissed as duplicative of Plaintiffs' claims against Thurston County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (proper to dismiss claims against city police officer sued in official capacity as redundant of claims against city). See also, *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Yet, because time is of the essence with the next election cycle coming soon in 2024, the Court's resolution of Plaintiffs' defective pleadings should wait until the Court's final order disposing of Plaintiffs' claims.

## ANSWER

Defendants, Thurston County, Nebraska; Thurston County Board of Supervisors; Glen Meyer, in his official capacity as Chairman; Mark English, in his official capacity as Vice Chairman; Georgia Mayberry, in her official capacity as Supervisor; James Price, Sr., in his official capacity as Supervisor; Davin French, in his official capacity as Supervisor; Arnie Harlan, in his official capacity as Supervisor; Jim Mueller, in his official capacity as Supervisor; and Patty Bessmer, in her official capacity as County Clerk (jointly referenced as "The County"), admit, deny, state, and allege as follows:

1.    The County states that the allegations in Paragraph 1 of the Complaint are conclusory legal allegations and no response is required. But to the extent the allegations in Paragraph 1 could be construed to contain factual allegations requiring a response, the same are denied.

2.    The County states Plaintiffs recklessly claim The County "intentionally discriminated against American Indian voters" by adopting its redistricting plan.    Further,

3

Plaintiffs' reckless allegations have no basis in law or fact and are false. Plaintiffs' false and reckless allegations The County "intentionally discriminated against American Indian voters" are denied entirely.  Also, The County states that the allegations in Paragraph 2 are conclusory legal allegations and no response is required. But to the extent the allegations in Paragraph 2 could be construed to contain factual allegations requiring a response, The County denies those allegations and denies all remaining allegations in Paragraph 2 of the Complaint.

3.    The County states Plaintiffs recklessly claim The County has "repeated their pattern of intentional discrimination in their most recent Board of Supervisors redistricting map." Further, Plaintiffs' reckless allegations have no basis in law or fact and are false.  Plaintiffs' false and reckless allegations The County has "repeated their patter of intentional discrimination in their most recent Board of Supervisors redistricting map" are denied entirely.   Also, The County states that the allegations in Paragraph 3 are conclusory legal allegations and no response is required. But to the extent the allegations in Paragraph 3 could be construed to contain factual allegations requiring a response, The County denies those allegations and denies all remaining allegations in Paragraph 3 of the Complaint.

4.    The County admits the VAP for American Indians in Thurston County has increased.  The remaining allegations in Paragraph 4 of the Complaint are denied.

5.    The County admits it adopted a redistricting plan on December 28, 2021, at the Thurston County Board of Supervisor's Special Meeting.  The remaining allegations in Paragraph 5 of the Complaint are denied.

6.    The County states Plaintiffs recklessly claim The County "intentionally discriminated against American Indians" by adopting the redistricting plan at that December 28, 2021, Special Meeting.  Further, Plaintiffs' reckless allegations have no basis in law or fact and

4

are false. Plaintiffs' false and reckless allegations The County "intentionally discriminated against American Indians" are denied entirely and the remaining allegations in Paragraph 6 of the Complaint are also denied.

7.     The County admits the redistricting plan adopted at the December 28, 2021, Special Meeting was rescinded at its next regular meeting on January 3, 2022, and the redistricting plan now in effect ("Redistricting Plan") was adopted but states the reason for adopting the Redistricting Plan was to align the supervisor district boundaries with the voting precinct boundaries to make the ballot process simpler and to reduce costs. The remaining allegations in Paragraph 7 of the Complaint are also denied.

8.     The County states Plaintiffs recklessly claim The County "enacted the [Redistricting Plan] with the intent to discriminate against American Indian voters." Further, Plaintiffs' reckless allegations have no basis in law or fact and are false. Plaintiffs' false and reckless allegations The County "enacted the [Redistricting Plan] with the intent to discriminate against American Indian voters" are denied entirely and the remaining allegations in Paragraph 8 of the Complaint are also denied.

## I.     <u>INTRODUCTION</u>

9.     The County admits the Redistricting Plan was adopted on January 3, 2022. The remaining allegations in Paragraph 9 of the Complaint are denied.

10.     The County admits the 2020 federal census data describes the Thurston County population data and the census speaks for itself. The remaining allegations in Paragraph 10 of the Complaint are denied.

11.     The allegations in Paragraph 11 of the Complaint are denied.

12.     The County admits the Thurston County Board of Supervisors is comprised of

seven single-member districts. The County also admits its duties are defined by statute but denies it has certain duties Plaintiffs ascribe such as general legislative authority. The remaining allegations in Paragraph 12 of the Complaint are denied.

13.    The County admits the 2010 and 2020 federal census data describes the Thurston County population data and the censuses speak for themselves. The remaining allegations in Paragraph 13 of the Complaint are denied.

14.    The allegations in Paragraph 14 of the Complaint are denied.

15.    The allegations in Paragraph 15 of the Complaint are denied.

16.    The allegations in Paragraph 16 of the Complaint are denied.

17.    The allegations in Paragraph 17 are conclusory statements for relief and no response is required. Yet, to the extent a response is required the allegations in Paragraph 17 of the Complaint are denied.

## II.    PARTIES

**The Plaintiffs**

18.    The County admits the Winnebago Tribe of Nebraska is a federally recognized Indian tribe as Plaintiffs use that term. The remaining allegations in Paragraph 18 of the Complaint are denied.

19.    The County admits the Omaha Tribe of Nebraska is a federally recognized Indian tribe as Plaintiffs use that term. The remaining allegations in Paragraph 19 of the Complaint are denied.

20.    The allegations in Paragraph 20 of the Complaint are denied.

21.    The allegations in Paragraph 21 of the Complaint are denied.

22.    The allegations in Paragraph 22 of the Complaint are denied.

23.     The allegations in Paragraph 23 of the Complaint are denied.

24.     The allegations in Paragraph 24 of the Complaint are denied.

25.     The allegations in Paragraph 25 of the Complaint are denied.

26.     The allegations in Paragraph 26 of the Complaint are denied.

27.     The allegations in Paragraph 27 of the Complaint are denied.

28.     The allegations in Paragraph 28 of the Complaint are denied.

**The Defendants**

29.     The County admits Thurston County, Nebraska, is a political subdivision of the State of Nebraska. The remaining allegations in Paragraph 29 of the Complaint are denied.

30.     The County admits the Thurston County Board of Supervisors has governing powers authorized by statute, including adopting the Redistricting Plan. The remaining allegations in Paragraph 30 of the Complaint are denied.

31.     The County admits Glen Meyer, Mark English, Georgia Mayberry, James Price, Sr., Davin French, Arnie Harlan, and Jim Mueller are current members of the Thurston County Board of Supervisors. The remaining allegations in Paragraph 31 of the Complaint are denied.

32.     The County admits Patty Bessmer is the Thurston County Clerk whose duties are defined by statute including her duties as election commissioner. The remaining allegations in Paragraph 32 of the Complaint are denied.

### III.     JURISDICTION

33.     The County admits the Court has subject matter jurisdiction.  The remaining allegations in Paragraph 33 of the Complaint are denied.

34.     The County admits the Court has subject matter jurisdiction. The remaining allegations in Paragraph 34 of the Complaint are denied.

35.     The County admits the Court has authority to enter a declaratory judgment and impose injunctions.  The remaining allegations in Paragraph 35 of the Complaint are denied.

36.     The allegations in Paragraph 36 are denied.

37.      The County admits the Court has personal jurisdiction over the parties. The remaining allegations in Paragraph 37 are denied.

38.     The County admits venue is proper. The remaining allegations in Paragraph 38 of the Complaint are denied.

### IV.    FACTUAL BACKGROUND

39.     The County states that the allegations in Paragraph 39 of the Complaint are conclusory legal allegations and no response is required. But to the extent the allegations in Paragraph 39 could be construed to contain factual allegations requiring a response, the same are denied.

40.     The County admits the 2020 federal census describes the Thurston County population data the census speaks for itself.  The remaining allegations in Paragraph 40 of the Complaint are denied.

41.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 41 of the Complaint are denied.

42.     The allegations in Paragraph 42 are denied.

**A.    Thurston County Demographics**

43.     The allegations in Paragraph 43 are admitted.

44.     The allegations of Paragraph 44 are denied.

45.     The County admits the 2020 federal census describes the Thurston County

8

population data the census speaks for itself.  The remaining allegations in Paragraph 45 are denied.

46.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 46 are denied.

47.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 47 are denied.

48.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 48 are denied.

49.     The County admits the 2010 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 49 are denied.

50.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 50 are denied.

51.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 51 are denied.

52.     The County admits 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 52 are denied.

53.     The County admits the 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 53 are

denied.

54.     The County admits 2020 federal census describes the Thurston County population data and the census speaks for itself.  The remaining allegations in Paragraph 54 are denied.

**B.     The Thurston County Board of Supervisors and the Redistricting Plan**

55.     The allegations in Paragraph 55 are admitted.

56.     The allegations in Paragraph 56 are legal conclusions and require no response, but to the extent a response is required The County state the statutes Plaintiffs cite speak for themselves.

57.      The allegations in Paragraph 57 are legal conclusions requiring no response, but to the extent a response is required The County states the statutes Plaintiffs cite speak for themselves.

58.     The allegations in Paragraph 58 are legal conclusions requiring no response, but to the extent a response is required The County admits staggered election terms are statutorily defined.

59.     The allegations in Paragraph 59 are legal conclusions requiring no response, but to the extent a response is required The County states the statutes Plaintiffs cite speak for themselves.

60.     The allegations in Paragraph 60 are legal conclusions requiring no response, but to the extent a response is required The County states the statutes Plaintiffs cite speak for themselves.

61.     The allegations in Paragraph 61 are legal conclusions requiring no response, but to the extent a response is required The County states the statutes Plaintiffs cite speak for themselves.

62.     The allegations in Paragraph 62 are legal conclusions requiring no response, but to the extent a response is required The County states the statutes Plaintiffs cite speak for themselves.

63.     The allegations in Paragraph 63 are admitted.

64.     The County admits the redistricting plan depicted in Paragraph 64 was created by

gWorks.  The remaining allegations in Paragraph 64 are denied.

65.    The allegations in Paragraph 65 are denied.

66.    The allegations in Paragraph 66 are denied.

67.    The County admits Chairwoman Kitcheyan submitted a letter dated December 17, 2021, to the Thurston County Board of Supervisors, which speaks for itself.  The remaining allegations in Paragraph 67 are denied.

68.    The County admits Chairwoman Kitcheyan submitted a letter dated December 17, 2021, to the Thurston County Board of Supervisors, which speaks for itself.  The remaining allegations in Paragraph 68 are denied.

69.    The County admits Chairwoman Kitcheyan submitted a letter dated December 17, 2021, to the Thurston County Board of Supervisors, which speaks for itself.  The remaining allegations in Paragraph 69 are denied.

70.    The allegations in Paragraph 70 are denied.

71.    The allegations in Paragraph 71 are denied.

72.    The County admits Chairwoman Kitcheyan spoke at the Thurston County Board of Supervisor's December 20, 2021, regular meeting and answered questions. The remaining allegations in Paragraph 72 are denied.

73.    The County admits a Special Meeting was held on December 28, 2021, and Wayne Bena from the Nebraska Secretary of State's office attended. The remaining allegations in Paragraph 73 are denied.

74.    The County admits Chairwoman Kitcheyan submitted a letter dated December 28, 2021, at the Special Meeting, which speaks for itself.  The remaining allegations in Paragraph 74 are denied.

11

75.     The County admits Chairwoman Kitcheyan submitted a letter dated December 28, 2021, at the Special Meeting, which speaks for itself.  The remaining allegations in Paragraph 75 are denied.

76.     The County admits Chairwoman Kitcheyan submitted a letter dated December 28, 2021, at the Special Meeting, which speaks for itself.  The remaining allegations in Paragraph 75 are denied.

77.     The allegations in Paragraph 77 are admitted.

78.     The allegations in Paragraph 78 are denied.

79.     The County admits Wayne Bena addressed the Thurston County Board of Supervisors at the December 28, 2021, Special Meeting, advised gWorks was a reputable company specializing in district mapping, that gWorks would not create a redistricting map that did not comply with applicable law (or words to that effect), and that most if not all of Nebraska's counties contracted with gWorks to create their redistricting maps.  The remaining allegations in Paragraph 79 are denied.

80.     The allegations in Paragraph 80 are admitted.

81.     The allegations in Paragraph 81 are admitted.

82.     The allegations in Paragraph 82 are admitted.

83.     The County admits Chairwoman Kitcheyan submitted a letter dated January 3, 2022, to Thurston County Board Supervisor's that was read into the record at the January 3, 2022, meeting, and which speaks for itself.  The remaining allegations in Paragraph 83 are denied.

84.     The County admits the redistricting plan adopted at the December 28, 2021, Special Meeting was rescinded by majority vote.  The remaining allegations in Paragraph 84 are denied.

85.     The allegations in Paragraph 85 are admitted.

12

86.    The County admits the Redistricting Plan was approved by a majority vote at the January 3, 2022, regular Board meeting. The remaining allegations in Paragraph 86 are denied.

87.    The allegations in Paragraph 87 are denied.

88.    The allegations in Paragraph 88 are denied.

89.    The allegations in Paragraph 89 are denied.

90.    The allegations in Paragraph 90 are denied.

91.    The allegations in Paragraph 91 are denied.

92.    The County states Plaintiffs recklessly claim there was a "discriminatory intent by the Non-Hispanic White Board members" to "dilute American Indian voting power." Further, Plaintiffs' reckless allegations have no basis in law or fact and are false. Plaintiffs' false and reckless allegations there was a "discriminatory intent by the Non-Hispanic White Board members" to "dilute American Indian voting power" are denied entirely and the remaining allegations in Paragraph 92 are also denied.

93.    The allegations in Paragraph 93 are denied.

94.    The allegations in Paragraph 94 are denied.

95.    The allegations in Paragraph 95 are denied.

96.    The allegations in Paragraph 96 are denied.

97.    The allegations in Paragraph 97 are denied.

98.    The allegations in Paragraph 98 are denied.

99.    The allegations in Paragraph 99 are denied.

100.    The allegations in Paragraph 100 are denied.

101.    The allegations in Paragraph 101 are denied.

102.    The allegations in Paragraph 102 are denied.

13

103.     The allegations in Paragraph 103 are denied.

**C.     Board of Supervisors under the 2011 Plan and Redistricting Plan**

104.     The allegations in Paragraph 104 are admitted.

105.     The allegations in Paragraph 105 are denied.

106.     The County admits the current Thurston County Board of Supervisors members are named in Paragraph 106.  The remaining allegations in Paragraph 106 are denied.

107.     The County admits elections were held in 2022 for the Thurston County Board of Supervisors in Districts 1, 3, 5, and 7. The remaining allegations in Paragraph 107 are denied.

108.     The allegations in Paragraph 108 are denied.

109.     The allegations in Paragraph 109 are denied.

110.     The allegations in Paragraph 110 are denied.

111.     The allegations in Paragraph 111 are denied.

## V.     DISCRIMINATORY INTENT IS NOT A RELEVANT OR MEANINGFUL STANDARD AND NO DISCRIMINATORY INTENT WAS BEHIND THE THURSTON COUNTY BOARD OF SUPERVISOR'S DECISION TO ADOPT THE REDISTRICTING PLAN

112.     The County states Congress substantially amended the Voting Rights Act in 1982 eliminating the "intent test" and establishing the "results test."  The reason for adopting the "results test" was to eliminate the requirement for voters in a protected class to "prove that a contested electoral mechanism was intentionally adopted or maintained by state officials for a discriminatory purpose." *Thornburg v. Gingles*, 478 U.S. 30, 35 (1986). Further, allowing evidence of discriminatory intent "is unnecessarily divisive because it involves charges of racism on the part of individuals or entire communities" and threatens to "destroy any existing racial progress in a

community." *Id*. at 71-72.

113.    The County further states although Plaintiffs know discriminatory intent is no longer a relevant or meaningful standard, Plaintiffs nevertheless cite caselaw decided before the Voting Rights Act was amended and the *Gingles* case was decided. The County further states Plaintiffs know The County had no input where gWorks drew the boundary lines in any of the three plans it submitted but despite knowing The County's lack of input, Plaintiffs say they intend to present "evidence of Defendants' discriminatory intent in the adoption of [the Redistricting Plan]."    Thus, no legitimate reason exists to make these "unnecessarily divisive … charges of racism."

114.    Next, The County states Paragraphs 112, 113, 114, and 115 are conclusory (irrelevant) legal allegations and no response is required. But to the extent the allegations in Paragraphs 112, 113, 114, and 115 could be construed to contain factual allegations requiring a response, the same are denied.

115.    The County states Plaintiffs recklessly claim The County had "discriminatory intent in the adoption of [the Redistricting Plan]." Further, Plaintiffs' reckless "discriminatory intent" allegations in Paragraph 116 have no basis in law or fact and are false.  Plaintiffs' false and reckless allegations The County had "discriminatory intent in the adoption of [the Redistricting Plan]" are denied entirely and the remaining allegations in Paragraph 116 are also denied.

116.    The County states Plaintiffs recklessly claim there is "evidence of discriminatory intent."  Further, Plaintiffs' reckless "evidence of discriminatory intent" allegations in Paragraph 116 of the Complaint have no basis in law or fact and are false. Plaintiffs' false and reckless allegations there is "evidence of discriminatory intent" are denied entirely and the remaining allegations in Paragraph 116 are also denied.

117.    The allegations in Paragraph 117 are denied.

## VI.    THE REDISTRICTING PLAN DOES NOT DILUTE VOTES

118.    The County states Paragraph 118 contains conclusory legal allegations requiring no response. But to the extent Paragraph 118 could be construed to contain factual allegations requiring a response, the same are denied.

119.    The allegations in Paragraph 119 are denied.

120.    The allegations in Paragraph 120 are denied.

121.    The allegations in Paragraph 121 are denied.

122.    The allegations in Paragraph 122 are denied.

123.    The allegations in Paragraph 123 are denied.

124.    The allegations in Paragraph 124 are denied.

125.    The County states Paragraph 125 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 125 could be construed to contain factual allegations requiring a response, the same are denied.

126.    The County states Paragraph 126 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 126 could be construed to contain factual allegations requiring a response, the same are denied.

127.    The County states Paragraph 127 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 127 could be construed to contain factual allegations requiring a response, the same are denied.

128.    The County states Paragraph 128 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 128 could be construed to contain factual allegations requiring a response, the same are denied.

129.    The County states Paragraph 129 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 129 could be construed to contain factual allegations requiring a response, the same are denied.

130.    The allegations in Paragraph 130 are denied.

131.    The allegations in Paragraph 131 are denied.

132.    The allegations in Paragraph 132 are denied.

133.    The allegations in Paragraph 133 are denied.

134.    The allegations in Paragraph 134 are denied.

135.    The allegations in Paragraph 135 are denied.

## COUNT ONE:

136.    Defendants reallege Paragraphs 1 thought 135 as if fully alleged herein.

137.    The County states Paragraph 137 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 137 could be construed to contain factual allegations requiring a response, the same are denied.

138.    The County states Paragraph 138 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 138 could be construed to contain factual allegations requiring a response, the same are denied.

139.    The County states Paragraph 139 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 139 could be construed to contain factual allegations requiring a response, the same are denied.

140.    The County states Paragraph 140 contains conclusory legal allegations requiring no response. But to the extent any allegations in Paragraph 140 could be construed to contain factual allegations requiring a response, the same are denied.

141.    The County states Plaintiffs recklessly claim The County had "discriminatory intent against American Indian voters." Further, Plaintiffs' reckless "discriminatory intent" allegations in Paragraph 141 have no basis in law or fact and are false. Plaintiffs' false and reckless allegations The County had "discriminatory intent against American Indian voters" are denied entirely and the remaining allegations in Paragraph 141 are also denied.

142.    The allegations in Paragraph 142 are denied.

143.    The allegations in Paragraph 143 are denied.

144.    The allegations in Paragraph 144 are denied.

145.    The allegations in Paragraph 145 are denied.

146.    The allegations in Paragraph 146 are denied.

147.    The allegations in Paragraph 147 are denied.

148.    The allegations in Paragraph 148 are denied.

149.    The County admits it adopted a redistricting plan at the December 28, 2021, Special meeting.  The remaining allegations in Paragraph 149 are denied.

150.    The County admits the redistricting plan adopted at the December 28, 2021 Special Meeting was rescinded at the Board of Supervisor's January 3, 2022, regular meeting but the remaining allegations in Paragraph 150 are denied.

151.    The County admits the Redistricting Plan was adopted at the January 3, 2022, regular meeting but the remaining allegations in Paragraph 151 are denied.

152.    The allegations in Paragraph 152 are denied.

153.    The allegations in Paragraph 153 are denied.

154.    The allegations in Paragraph 154 are denied.

155.    The allegations in Paragraph 155 are denied.

18

## COUNT TWO:

156.    Defendants reallege Paragraphs 1 thought 155 as if fully alleged herein.

157.    The allegations in Paragraph 157 are denied.

158.    The allegations in Paragraph 158 are denied.

159.    The allegations in Paragraph 159 are denied.

160.    The allegations in Paragraph 160 are denied.

161.    The allegations in Paragraph 161 are denied.

162.    The allegations in Paragraph 162 are denied.

163.    The County denies all remaining allegations in Plaintiffs' Complaint except those constituting admissions against Plaintiffs' interests.

WHEREFORE, Defendants Thurston County, Nebraska; Thurston County Board of Supervisors; Glen Meyer, Mark English, Georgia Mayberry, James Price, Sr., Davin French, Arnie Harlan, Jim Mueller, and Patty Bessmer request the Court dismiss Plaintiffs' Complaint with prejudice, award Defendants their attorneys' fees and costs and grant such further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

164.    By way of further answer and affirmative defense, Plaintiffs' request for injunctive relief should be denied under the *Purcell* Principle.

165.    By way of further answer and affirmative defense, Plaintiffs' claims are barred by the laches doctrine.

166.    By way of further answer and affirmative defense, Plaintiffs' claims fail to state a cause of action.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Thurston County, Nebraska, for its counterclaim against Plaintiffs, asks the Court for an order pursuant to 28 U.S.C. § 2201 and 2202 declaring The Redistricting Plan:

- Does not violate 42 U.S.C. § 1983.

- Guarantees Plaintiffs' rights under Section 2 of the Voting Rights Act.

- Protects Plaintiffs' and all Thurston County citizens' Constitutional rights.

Further, The County requests the Court declare Plaintiffs' redistricting plan violates the Voting rights Act and Fourteenth and Fifteenth Amendments.

## THE PARTIES AND JURISDICTION

1.      Thurston County, Nebraska (The County), is a body politic and a political subdivision of the State of Nebraska.

2.      Plaintiffs are Thurston County, Nebraska residents and are members of either the Winnebago Tribe of Nebraska or Omaha Tribe of Nebraska.

3.      Subject matter jurisdiction, personal jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

4.      The County hired gWorks, an independent vendor that specializes in redistricting plans, to draw three supervisor district plans that complied with all applicable voting and constitutional laws including Section 2 of the Voting Rights Act and Fourteenth and Fifteenth Amendments.

5.      The County adopted one of the redistricting plans at its January 3, 2022, regular Board meeting ("Redistricting Map").

6.      Plaintiffs contend the Redistricting Plan does not conform to the Voting Rights Acts' standards guaranteeing their right to vote and violates their rights under the Fourteenth and

Fifteenth amendments.

7.     Plaintiffs sued The County under the Voting Rights Act and 42 U.S.C. § 1983 and ask the Court to enjoin the County from implementing the Redistricting Plan during the next election cycle and beyond.

8.     Also, Plaintiffs ask the Court to order the County to adopt a restricting plan that meets their requirement to have four minority majority districts that contain super majorities of at least 70% American Indian voting age population in each of the four districts.

## **FIRST CAUSE OF ACTION**

### **(Declaratory Judgment)**

9.     The County's Redistricting Plan complies with the Voting Rights Act and Fourteenth and Fifteenth Amendments.

10.    The Plaintiffs' redistricting violates the Voting Rights Act and Fourteenth and Fifteenth Amendments.

WHEREFORE, The County requests the Court enter a judgement in its favor declaring The Redistricting Plan:

- Does not violate 42 U.S.C. § 1983.

- Guarantees Plaintiffs' rights under Section 2 of the Voting Rights Act.

- Protects Plaintiffs and all Thurston County citizen's Constitutional rights.

Furthermore, The County requests the Court enter a judgment declaring Plaintiffs' Redistricting Plan violates the Voting Rights Act and Fourteenth and Fifteenth Amendments. Finally, The County requests the Court award its attorneys' fees and costs of litigation and such other relief the Court deems just and equitable.

Dated this 9th day of March, 2023.

THURSTON COUNTY, NEBRASKA;
THURSTON COUNTY BOARD OF
SUPERVISORS; GLEN MEYER, in his official
capacity as Chairman; MARK ENGLISH, in his
official capacity as Vice Chairman; GEORGIA
MAYBERRY, in her official capacity as
Supervisor; JAMES PRICE, SR., in his official
capacity as Supervisor; DAVIN FRENCH, in
his official capacity as Supervisor; ARNIE
HARLAN, in his official capacity as
Supervisor; JIM MUELLER, in his official
capacity as Supervisor; and PATTY BESSMER,
in her official capacity as County Clerk,
Defendants,

BY:     *s/Patrick R. Guinan*
        Patrick R. Guinan, #20076
        Governmental Law, LLC
        8040 Eiger Drive
        Suite B
        Lincoln, NE 68516
        (402) 742-9240 – main
        (402) 742-9329 - direct
        patrick@nrmainc.info
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all registered participants, including counsel of record for Plaintiffs.

BY:     *s/Patrick R. Guinan*
        Patrick R. Guinan, #20076