IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WINNEBAGO TRIBE OF NEBRASKA;
OMAHA TRIBE OF NEBRASKA;
VICTORIA KITCHEYAN; CHEYENNE
ROBINSON; BRIAN CHAMBERLAIN;
RONA STEALER; JAMES LOUIS
LAROSE; ARIC ARMELL; LYNELLE
BLACKHAWK; ESTHER MERCER; and
GREGORY PHILLIPS,

          Plaintiffs,

   v.

THURSTON COUNTY, NEBRASKA;
THURSTON COUNTY BOARD OF
SUPERVISORS; GLENN MEYER, in his
official capacity as Chairman; MARK
ENGLISH, in his official capacity as Vice
Chairman; GEORGIA MAYBERRY, in her
official capacity as Supervisor; JAMES
PRICE, SR., in his official capacity as
Supervisor; DAVIN FRENCH, in his official
capacity as Supervisor; ARNIE HARLAN,
in his official capacity as Supervisor; JIM
MUELLER, in his official capacity as
Supervisor; and PATTY BESSMER, in her
official capacity as County Clerk,

          Defendants.

**8:23CV20**


**ORDER**

      This matter is before the Court on the parties' Assented Motion for Entry of Consent Decree (Filing No. 36). The parties state their proposed "Order, Consent Decree, and Judgment" (Filing No. 36-1) will resolve the plaintiffs' claim that the defendants violated the plaintiffs' rights under the Fourteenth and Fifteenth Amendments to the United States Constitution and § 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10310 *et seq.*, in adopting a new redistricting plan for Thurston County, Nebraska's Board of Supervisor

districts.  The plaintiffs allege both discriminatory purpose (Count I) and discriminatory effect (Count II) and rely on the VRA and 42 U.S.C. § 1983.  The parties propose to resolve the dispute in this case by instating a redistricting plan amenable to both sides that they agree complies with state and federal law.

The Court is generally inclined to accept the negotiated resolution of disputed matters as long as the proposed consent decree (1) "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction," (2) generally comes within the scope of the claims raised in the pleadings, and (3) "further[s] the objectives of the law upon which the complaint was based."  *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986); *see also United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997) (explaining the approval of a consent decree is within a district court's discretion).  The Court must also ensure the proposed consent decree is fair, adequate, and reasonable.  *See United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992).

At first glance, the parties' proposed consent decree in this case seems to fit the bill. But the United States Court of Appeals for the Eighth Circuit has potentially thrown a wrench into the works.

The plaintiffs' complaint and the parties' agreement rely heavily—though not exclusively—on § 2 of the VRA.  *See*, *e.g.*, 52 U.S.C. §§ 10301, 10302. 10308, and 10310. On November 20, 2023, the Eighth Circuit concluded Congress did not "give private plaintiffs the ability to sue under § 2 of the [VRA]."  *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1204 (8th Cir. 2023).  In light of that groundbreaking ruling and the questions left open by that case, the Court would like the parties to weigh in on the continued viability of their joint motion and the proposed consent decree in its current form.  *See United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991) ("If the court discerns a problem with a stipulated agreement, it should advise the parties of its concern and allow them an opportunity to revise the agreement.").

Accordingly, the parties shall—jointly or separately—file supplemental briefing on this issue on or before December 27, 2023.  After reviewing that briefing, the Court will decide whether a hearing or phone conference is necessary to move this case forward.  *See Metro. St. Louis*, 952 F.2d at 1044 ("[I]t is within the sound discretion of the trial court to decide whether an evidentiary hearing is necessary before ruling on a proposed consent decree.").

IT IS SO ORDERED.

Dated this 13th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge