IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WINNEBAGO TRIBE OF NEBRASKA; OMAHA TRIBE OF NEBRASKA; VICTORIA KITCHEYAN; CHEYENNE ROBINSON; BRIAN CHAMBERLAIN; RONA STEALER; JAMES LOUIS LAROSE; ARIC ARMELL; LYNELLE BLACKHAWK; ESTHER MERCER; and GREGORY PHILLIPS,<br><br>              Plaintiffs,<br><br>    v.<br><br>THURSTON COUNTY, NEBRASKA; THURSTON COUNTY BOARD OF SUPERVISORS; GLENN MEYER, in his official capacity as Chairman; MARK ENGLISH, in his official capacity as Vice Chairman; GEORGIA MAYBERRY, in her official capacity as Supervisor; JAMES PRICE, SR., in his official capacity as Supervisor; DAVIN FRENCH, in his official capacity as Supervisor; ARNIE HARLAN, in his official capacity as Supervisor; JIM MUELLER, in his official capacity as Supervisor; and PATTY BESSMER, in her official capacity as County Clerk,<br><br>              Defendants. | 8:23CV20<br><br>MEMORANDUM AND ORDER |

       This matter is before the Court on the parties' Assented Motion for Entry of Consent Decree (Filing No. 36). The parties have notified the Court that they reached a settlement agreement and ask that their proposed consent decree be entered. *See Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528 (1986) ("A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating.").

On December 13, 2023, the Court advised (Filing No. 39) the parties it was generally inclined to accept their proposed consent decree but wanted their input on the potential impact of the Eighth Circuit's determination in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 86 F.4th 1204, 1207 (8th Cir. 2023) ("*Arkansas NAACP*"), that Congress did not "give private plaintiffs the ability to sue under § 2 of the Voting Rights Act [of 1965 ("VRA"), 52 U.S.C. § 10310 *et seq.*]." Each of the parties has submitted a supplemental brief (Filing Nos. 44 and 45). The United States ("government") has also filed a Statement of Interests of the United States (Filing No. 43) pursuant to 28 U.S.C. § 517.

Plaintiffs Winnebago Tribe of Nebraska, Omaha Tribe of Nebraska, Victoria Kitcheyan, Cheyenne Robinson, Brian Chamberlain, Rona Stealer, James Louis LaRose, Aric Armell, Lynelle Blackhawk, Esther Mercer, and Gregory Phillips (collectively, "plaintiffs") maintain the Eighth Circuit's ruling in *Arkansas NAACP* does not affect the parties' joint motion and proposed consent decree because this case "includes additional bases for the Court's jurisdiction and additional causes of action," namely the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The plaintiffs further contend the Court has jurisdiction even under § 2 of the VRA in light of the Eighth Circuit's discussion of that issue in *Arkansas NAACP*, 86 F.4th at 1217. The plaintiffs see no reason to delay entering the parties' proposed consent decree. For its part, the government agrees with the plaintiffs that private parties can enforce § 2 of the VRA through § 1983.

In their supplemental brief, defendants Thurston County, Thurston County Board of Supervisors, Glenn Meyer, Mark English, Georgia Mayberry, James Price, Sr., Davin French, Arnie Harlan, Jim Mueller, and Patty Bessmer (collectively, "defendants") suggest a stay may be in order in light of *Arkansas NAACP* but state they are "neither opposing nor advocating entry of the Consent Decree." The defendants contend that "whether Plaintiffs have standing to challenge the redistricting map" at issue in this case "is somewhat

academic" because "[t]he parties negotiated a modified redistricting map" that "cannot be modified again prior to the next election cycle in 2026." The defendants also contend the plaintiffs' and the government's arguments do "not cure the standing issue." As the defendants see it, if the ruling in *Arkansas NAACP* survives further review, the plaintiffs' "lack of standing could render the [consent decree] moot if it is entered now."

Having thoroughly reviewed the plaintiffs' Complaint (Filing No. 1), the defendants' Counterclaim for Declaratory Relief (Filing No. 9), the parties' proposed Order, Consent Decree, and Judgment (Filing No. 36-1), and their respective arguments, the Court is satisfied that the Eighth Circuit's decision in *Arkansas NAACP* does not strip the Court's authority to enter the proposed consent decree.[1] *See Loc. No. 93*, 478 U.S. at 522, 525 (explaining that "in addition to the law which forms the basis of the claim[s], the parties' consent animates the legal force of a consent decree," creates the parties' obligations, and "serves as the source of the court's authority to enter" judgment); *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993) (stating that questions about whether "the other federal statutes upon which plaintiffs rely . . . create an enforceable private right of action on their behalf . . . go to the merits of plaintiffs' claims, not to the district court's jurisdiction").

Indeed, as the plaintiffs' point out, in *Arkansas NAACP*, the Eighth Circuit reiterated "the general rule that the lack of a cause of action does not deprive a federal district court of subject-matter jurisdiction" before concluding "that the district court had jurisdiction all along" to decide if § 2 of the VRA "is privately enforceable." 86 F.4th at 1217-18; *cf. also Loc. No. 93*, 478 U.S. at 525 ("[A] federal court is not necessarily barred from entering a

---

[1]Though the defendants equivocate some in their supplemental brief, the Court does not read that as the withdrawal of their consent. *See Loc. No. 93*, 478 U.S. at 522 (citing *United States v. Ward Baking Co.*, 376 U.S. 327 (1964), for the proposition that courts "cannot enter consent decree to which one party has not consented").

3

consent decree merely because the decree provides broader relief than the court could have awarded after a trial.").

Turning to the substance of the proposed consent decree, the Court has "carefully considered the underlying facts and legal arguments" in support of it, *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002), and concludes it not only "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction," but also falls within the scope of the claims raised in the pleadings and "further[s] the objectives of the law upon which the complaint was based," *Loc. No. 93*, 478 U.S. at 525. The Court further finds the settlement is fair, reasonable, and adequate under the circumstances of this case. *See EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012). The settlement reasonably resolves difficult voting-rights issues in a manner that is fair to all parties.

In light of the foregoing,

IT IS ORDERED:

1. The parties' Assented Motion for Entry of Consent Decree (Filing No. 36) is granted.
2. The proposed Order, Consent Decree, and Judgment (Filing No. 36-1) is adopted with minor modifications and will be entered separately.

Dated this 26th day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge