IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WINNEBAGO TRIBE OF NEBRASKA, a federally recognized Indian Tribe; OMAHA TRIBE OF NEBRASKA, a federally recognized Indian Tribe; VICTORIA KITCHEYAN, CHEYENNE ROBINSON, BRIAN CHAMBERLAIN, RONA STEALER, JAMES LOUIS LAROSE, ARIC ARMELL, LYNELLE BLACKHAWK, ESTHER MERCER, and GREGORY PHILLIPS,<br><br>                    Plaintiffs,<br><br>     v.<br><br>THURSTON COUNTY, NEBRASKA, THURSTON COUNTY BOARD OF SUPERVISORS, GLENN MEYER, in his official capacity as Chairman; MARK ENGLISH, in his official capacity as Vice Chairman; GEORGIA MAYBERRY, in her official capacity as Supervisor; JAMES PRICE, SR., in his official capacity as Supervisor; DAVIN FRENCH, in his official capacity as Supervisor; ARNIE HARLAN, in his official capacity as Supervisor; JIM MUELLER, in his official capacity as Supervisor; and PATTY BESSMER, in her official capacity as County Clerk;<br><br>                    Defendants. | 8:23CV20<br><br>ORDER, CONSENT DECREE, AND JUDGMENT |

On November 22, 2023, the parties filed an Assented Motion for Entry of Consent Decree (Filing No. 36) and submitted a proposed Order, Consent Decree, and Judgment (Filing No. 36-1) for Court approval. The parties state they "have conferred and agree that it is in the best interests of the citizens of Thurston County that this lawsuit be

resolved." To that end, they "have agreed to enter into the following Consent Decree as an appropriate resolution to this action."

In a separate Memorandum and Order entered today (Filing No. 48), the Court granted the parties' motion and approved their proposed Order, Consent Decree, and Judgment. As provided below, this resolves all currently pending claims in this matter.

## PREAMBLE

1. The parties agree that Thurston County Board of Supervisors' redistricting map must comply with Nebraska state law, the Nebraska Constitution, the Voting Rights Act, and the United States Constitution.

2. Thurston County ("Thurston County" or the "County") does not concede or admit that its current redistricting map violates either state or federal law but acknowledges the district court could order Thurston County to revise its current redistricting map if it made certain adverse factual and legal findings.

3. This is a contested case, and the parties agree that the outcome of trial is uncertain.

4. Because of this uncertainty and to avoid the time and expense of further litigation, the parties have negotiated a revised redistricting plan that the parties agree meets state and federal law requirements.

5. Thus, the parties agree that settling this dispute is in Thurston County residents' best interests and stipulate the New District Plan (as defined below) the parties negotiated complies with state and federal law including Section 2 of the Voting Rights Act.

**FACTUAL STIPULATION OF THE PARTIES**

6. Thurston County is a political and geographical subdivision of the State of Nebraska.

7. Defendant Thurston County Board of Supervisors is the governing authority of Thurston County established under the law of Nebraska and is responsible for drawing its own district boundaries.

8. Defendant Thurston County Board of Supervisors is composed of seven members elected to four-year terms.

9. Defendants Glen Meyer, Mark English, Georgia Mayberry, James Price, Sr., Davin French, Arnie Harlan, and Jim Mueller are current members of the Thurston County Board of Supervisors. All of these defendants are sued in their official capacity.

10. Defendant Patty Bessmer is the Thurston County Clerk and has the powers and duties in Thurston County relating to the conduct of elections, including those elections for the Thurston County Board of Supervisors. She is sued in her official capacity.

11. Plaintiff Winnebago Tribe of Nebraska is a federally recognized Tribe with its reservation located in, and a substantial number of its members residing in, Thurston County. A substantial number of the Native American voters in Thurston County are members of the Winnebago Tribe of Nebraska.

12. Plaintiff Omaha Tribe of Nebraska is a federally recognized Tribe with its reservation located in, and a substantial number of its members residing in, Thurston County. A substantial number of the Native American voters in Thurston County are members of the Omaha Tribe of Nebraska.

13. Plaintiffs Victoria Kitcheyan, Brian Chamberlain, Rona Stealer, James Louis LaRose, Aric Armell, Esther Mercer, and Lynelle Blackhawk are members of the Winnebago Tribe of Nebraska who reside in Thurston County.

14. Plaintiffs Cheyenne Robinson and Gregory Phillips are members of the Omaha Tribe of Nebraska who reside in Thurston County.

15. In 1979, in *United States of America v. Thurston County* (Civil No. 78-0-380), this Court approved a Consent Decree that required Thurston County to comply with the Voting Rights Act and the Constitution by eliminating the County's at-large system of elections and dividing the County into seven districts, where Native American voters constituted an effective majority in two of the seven districts. Native Americans comprised 28.6% of Thurston County's population according to the 1970 Census.

16. In 1996, in *Stabler v. County of Thurston* (Case No. 8:93-cv-00394) (upheld in *Stabler v. County of Thurston*, 129 F.3d 1015 (8th Cir. 1997)), this Court ordered the County to adopt a plan that provided three districts in which the Native American voters constituted an effective majority, consistent with the requirements of the Voting Rights Act and the Constitution. As recognized by this Court in that case, Native Americans comprised 35.9% of Thurston County's voting age population according to the 1990 Census.

17. According to the 2020 Census, Native Americans now constitute a majority of Thurston County's voting age population.

18. On January 3, 2022, the Thurston County Board of Supervisors adopted a redistricting plan that plaintiffs argue created only three Native American ability-to-elect districts.

19. The Native American population in Thurston County is sufficiently numerous and geographically compact to comprise an effective majority of the voting age population in at least four single-member County Supervisor voting districts under a plan containing seven districts.

20. The Native American voters in Thurston County are politically cohesive.

21. Voting in Thurston County can be polarized.

IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** that:

22. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343(a), 1362, 2201, and 2202; 42 U.S.C. § 1983; and 52 U.S.C. § 10310. Plaintiffs have standing to bring the claims asserted in the Complaint herein. All of the above-named defendants were properly joined as defendants in this action.

23. On or before 30 days from the date this Consent Decree is entered, defendants shall take all necessary official action to adopt the attached Thurston County Board of Supervisors district plan (provided herein as Attachment A, referred to as the "New District Plan").

24. Providing at least seven days' written notice, defendants shall inform plaintiffs of the time and place of the official actions defendants intend to take pursuant to Paragraph 23.

25. Subject to Paragraphs 30 and 31, compliance with this Consent Decree resolves all currently pending claims by all parties in this matter. The parties agree that for the purposes of this Consent Decree, the New District Plan is compliant with Section 2 of the Voting Rights Act, the Fourteenth and Fifteenth Amendments of the United States Constitution, Nebraska law, including Neb. Rev. Stat. § 32-553, and the Nebraska Constitution.

26. Plaintiffs have standing to bring any claim against defendants to enforce and obtain remedies for violation of this Consent Decree. In the event of any material breach of this Consent Decree, plaintiffs may also pursue any other claim they would otherwise have arising from the facts giving rise to such breach, including without limitation claims for violation of the Voting Rights Act, the United States Constitution, and Nebraska law.

27. Defendants agree that the New District Plan will remain in effect until at least the 2030 Census data is publicly released. If events arise causing the County to believe that alterations to the New District Plan are required prior to the public release of the 2030 Census data, defendants may petition the Court, with notice to all parties, requesting permission to amend the plan.

28. Defendants agree that the next and future voting cycles during the current Census period will proceed under the New District Plan.

29. The Court finds that a legal basis exists under *Thornburg v. Gingles*, 478 U.S. 30 (1986), to approve the New District Plan.

30. Plaintiffs agree to cooperate with the County, including providing the County with non-privileged information in their possession, should an action be brought against the County challenging this Consent Decree or the New District Plan adopted under this Consent Decree. Pursuant to Federal Rule of Civil Procedure 24(a)(2), plaintiffs reserve the right to file a motion to intervene as of right in any challenge to the Consent Decree or the New District Plan adopted under the Consent Decree.

31. Plaintiffs agree to waive their right to recover attorney fees and costs incurred at the time of entry of this Consent Decree. The parties acknowledge that a claim for future fees and costs by plaintiffs will be limited to fees and costs specifically associated with a successful challenge to enforce this Consent Decree.

32. This Court retains jurisdiction over this action pursuant to 52 U.S.C. § 10302(c) until March 1, 2031. This action shall be administratively closed.

33. This Consent Decree is binding on the parties, their successors, agents, attorneys, and assigns.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 26th day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

# ATTACHMENT A

# NEW DISTRICT PLAN

# Thurston County – New District Plan



# Thurston County - New District Plan
# Demographic/Data Breakout

| # | Total Population | Dev | % Dev | 18+ Pop | %18+ Pop | 18+ White | %18+ White | 18+ AI (Alone) | %18+ AI | # | 18+ AI (Add) | 18+ AI (All) | %18+ AI (All) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 970 | 2 | 0.21% | 760 | 78.35% | 721 | 94.87% | 10 | 1.32% | 1 | 8 | 18 | 2.37% |
| 2 | 940 | -28 | -2.89% | 569 | 60.53% | 115 | 20.21% | 423 | 74.34% | 2 | 15 | 438 | 76.98% |
| 3 | 974 | 6 | 0.62% | 613 | 62.94% | 166 | 27.08% | 426 | 69.49% | 3 | 4 | 430 | 70.15% |
| 4 | 988 | 20 | 2.07% | 617 | 62.45% | 29 | 4.70% | 540 | 87.52% | 4 | 18 | 558 | 90.44% |
| 5 | 971 | 3 | 0.31% | 667 | 68.69% | 276 | 41.38% | 355 | 53.22% | 5 | 15 | 370 | 55.47% |
| 6 | 945 | -23 | -2.38% | 520 | 55.03% | 17 | 3.27% | 496 | 95.38% | 6 | 4 | 500 | 96.15% |
| 7 | 985 | 17 | 1.76% | 764 | 77.56% | 653 | 85.47% | 59 | 7.72% | 7 | 17 | 76 | 9.95% |